IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

IN RE:

ZEAL GROUP SOLUTIONS INTEGRATORS, INC.,

       Debtor.

SUSAN R. LIMOR, TRUSTEE

       Plaintiff,

v.

ALTERNATIVE TECHNOLOGY, ET AL.,

       Defendants.

CASE NO. 302-00115

CHAPTER 7

JUDGE MARIAN F. HARRISON

ADV. NO. 304-0005A

# MEMORANDUM OPINION

This matter came before the Court upon the Trustee's complaint against Preston Law Group asserting that $2000 in payments made to it were preferences under 11 U.S.C. § 547 and that all of the payments made to it ($20,045.60) were fraudulent conveyances under 11 U.S.C. § 548. At the hearing, the Court dismissed the preference part of the complaint and took the fraudulent conveyance issue under advisement. The Trustee still seeks the return

of proceeds, in the amount of $20,045.60 paid to Preston Law Group, that were received from the debtor within one year of the bankruptcy filing.

For the following reasons, which represent the Court's findings of fact and conclusions of law, as required by Fed. R. Bankr. P. 7052, the Court finds that the Trustee's claims under 11 U.S.C. § 548 should be denied and that her complaint against Preston Law Group should be dismissed in its entirety.

## I. BACKGROUND

The debtor and its chief executive, Kenneth Wetzell, along with others, were sued in Davidson County Chancery Court for failure to make payments pursuant to a Settlement and Release Agreement. Mr. Wetzell personally guaranteed the payments and was sued individually. The debtor retained Preston Law Group to represent it and Mr. Wetzell in the lawsuit and paid all invoices for Preston Law Group's services. The payments in question are for two invoices covering work done from August 22, 2001, through December 7, 2001. Based on Preston Law Group's time sheets and from Mr. Preston's testimony, Preston Law Group was involved in representing the debtor in multiple lawsuits to which the bills introduced as exhibits relate. However, the only state court documents in the record are from the Davidson County Chancery Court action against the debtor and Mr. Wetzell.

2-U.S. Bankruptcy Court, M.D. Tenn.

The Chancery Court entered a judgment against Mr. Wetzell on July 31, 2001, in the amount of $412,305.10. On October 8, 2001, the Chancery Court granted summary judgment against the debtor. On October 17, 2001, the Chancery Court held a damages hearing to determine the debtor's liability and held a hearing on Mr. Wetzell's motion to alter or amend the judgment against him. Shortly thereafter, the debtor stopped all operations.

On October 12, 2001, Preston Law Group incorporated Signia Solutions at the direction of Dwayne Gunter, for which Mr. Wetzell became a consultant. From the Trustee's investigation, she determined that Signia Solutions received all of the debtor's assets and continued the debtor's business. Mr. Preston testified that while he set up Signia Solutions for Mr. Gunter and understood Gunter to be the sole owner, he does not know what Mr. Gunter did with Signia Solutions nor did he facilitate the transfer of any assets to Signia Solutions.

On November 5, 2001, final judgments were entered in the Chancery Court against the debtor and Mr. Wetzell. Mr. Wetzell's judgment was reduced pursuant to his motion to alter or amend. However, the Chancery Court's order recited a settlement between all parties which reduced both Mr. Wetzell's and the debtor's liability provided that certain payments were made by other defendants.

## II. APPLICABLE LAW

Fraudulent conveyances are addressed in 11 U.S.C. § 548(a)(1), which provides in part that "[t]he trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition" if the debtor received less than a reasonably equivalent value in exchange for such transfer or obligation and the debtor was insolvent on the date that such transfer was made. The Trustee must prove these elements by a preponderance of the evidence. Here, the contested issue is reasonably equivalent value.

The Bankruptcy Code does not define "reasonably equivalent value," but defines "value" for the purpose of determining whether a transfer is fraudulent as "property, or satisfaction or securing of a present or antecedent debt of the debtor." 11 U.S.C. § 548(d)(2)(A). In determining the existence of fair consideration or equivalent value, courts require review of "all the surrounding circumstances to determine whether the transaction [is] fair." *John Ownbey Co. v. Commissioner*, 645 F.2d 540, 545 (6th Cir. 1981). The test used to determine reasonably equivalent value in the context of a fraudulent conveyance case requires the court to determine the value of what was transferred and to compare it to what was received. *In re Vitreous Steel Prod. Co.*, 911 F.2d 1223, 1236 (7th Cir. 1990). Value has been defined as that which provides an economic benefit, either direct or indirect, to the debtor. *Baumgart v. Bedlyn, Inc. (In re Empire Interiors, Inc.)*, 248 B.R. 305, 308 (Bankr.

4-U.S. Bankruptcy Court, M.D. Tenn.

N.D. Ohio 2000); *Harker v. Center Motors, Inc. (In re Gerdes)*, 246 B.R. 311, 313 (Bankr. S.D. Ohio 2000). The relevant date in making this determination is the date of the transfer. *Lisle v. John Wiley & Sons, Inc. (In re Wilkinson)*, 319 B.R. 134, 139 (Bankr. E.D. Ky. 2004).

### III. DISCUSSION

Here, the debtor was sued for non-payment of a note, and Mr. Wetzell was sued as a personal guarantor on the note. The debtor and Mr. Wetzell mounted a joint defense. The initial judgment against the debtor was $434,307.04, and the initial judgment against Mr. Wetzell was $412,305.10. However, as stated above, both judgments were modified based on a settlement between the plaintiff in the case and two other defendants, Christopher Dobkins and The Zeal Group, Inc. These two defendants in the case agreed to assign to the plaintiff a promissory note with a balance of $210,127.70. As long as the payments on the assigned promissory note were made, the plaintiff could only execute on the judgments against the debtor in the amount of $224,179.34 and against Mr. Wetzell in the amount of $202,177.40.

Thus, despite the fact that a motion to alter or amend was filed only on behalf of Mr. Wetzell, the final judgments reflect an overall settlement reached between all the parties involved in which settlement Preston Law Group participated on behalf of both the debtor

and Mr. Wetzell. The proof does not show that the interests of the debtor and Mr. Wetzell ever diverged and a joint defense was mounted to the end. The record suggests that their interests were the same up to the entry of the final judgments against both on November 5, 2001. Accordingly, the Court finds that the Trustee has not met her burden regarding payments made prior to entry of the Chancery Court's final judgments.

As to the time entries after the final judgments were entered in Chancery Court on November 5, 2001, the Trustee has again failed to show that the debtor did not receive reasonably equivalent value for the services provided. While the testimony demonstrated that the debtor stopped its operations after the damages hearing in Chancery Court, there was no proof offered by the Trustee regarding these time entries beyond the entries themselves. A review of the post final judgment time entries (which start on November 14, 2001), indicates that counsel was working on litigation matters, and Mr. Preston testified that during this time period there were multiple lawsuits against the debtor being defended, as well as discussions with third parties who were interested in buying into the debtor. Of the few specific time entries Mr. Preston was asked about, he explained how they involved representation of the debtor.

Other than the testimony of Mr. Preston, no other proof was presented regarding the time entries, and the bare entries alone do not lead to the conclusion that they did not involve representation of the debtor. Accordingly, the Trustee again did not carry her burden.

In light of these findings, whether the debtor had a common law or statutory duty to represent Mr. Wetzell is irrelevant. As to the Chancery Court lawsuit, the proof shows that Preston Law Group's efforts on behalf of the debtor and Mr. Wetzell were intertwined. As to the time entries after the final judgments in Chancery Court were entered, proof showing that these entries benefitted someone or some entity other than the debtor is simply lacking.

## IV. CONCLUSION

Accordingly, the Court finds that the Trustee's claims under 11 U.S.C. § 548 should be rejected and that her complaint against Preston Law Group should be dismissed in its entirety.

An appropriate order will be entered.

MARIAN F. HARRISON
UNITED STATES BANKRUPTCY JUDGE

7-U.S. Bankruptcy Court, M.D. Tenn.